

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Ueon Bak, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | SACV 18-01547-JVS (Ex) |
| v. | |
| Megan Brennan, Postmaster General<br>U.S. Postal Service | **NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT** |
| DEFENDANT(S). | |

On December 17, 2018 , the Court received the attached

☐ Complaint ☐ Petition ☐ Notice of Removal, captioned _____
☒ other document(s), entitled Request to proceed the case

from Mr. Ueon Bak , who was found by the Court on 03/08/2016
in case number SACV15-01931-JVS (Ex) to be a vexatious litigant and/or subject to the following restrictions on the filing of additional documents:

☒ A court order or written authorization from a judge must be obtained prior to the filing of document(s).
☐ Submission of document(s) for filing requires a Motion for Leave to File.
☐ Document(s) must be pre-screened by the Court before filing.
☐ Filing fee must be paid.
☐ No further filings are to be accepted in this case from the person named above or anyone acting on his or her behalf.
☐ Bond in the amount of $_____ must be posted in order to proceed.
☐ Other : 

Pursuant to the terms of the order imposing filing restrictions, the attached document(s) will be forwarded to the
☐ assigned magistrate judge ☒ assigned district judge ☐ Chief Judge for review.

---

☐ IT IS HEREBY ORDERED that the document(s) presented:
    ☐ be filed in the above-captioned case.
    ☐ be filed in case number _____ .
    ☐ be filed as a new case.
or
☐ IT IS RECOMMENDED that the document(s) presented not be filed. The Clerk is directed to forward this recommendation to the appropriate district judge for review.

| Date | United States Magistrate Judge |
|---|---|

---

IT IS HEREBY ORDERED that the document(s) presented
☒ not be filed.
☐ be filed in the above-captioned case.
☐ be filed in case number _____ .
☐ be filed as a new case.

| 12.19.18 | /s/ |
|---|---|
| Date | United States District Judge |

CV-115 (04/2018)     NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT

Ueon Bak
15000 Pacific St., Apt. 208
Midway City, CA 92655
Tel: (714) 968-9544

Plaintiff In Pro Per

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| UEON BAK, an individual; | |
|---|---|
| Plaintiff, | CASE NO 8:18-CV-1547-JVS-E |
| VS, | **Request to Proceed the case.** |
| Megan Brennan, Postmaster General, U.S. Postal Service | |
| Defendants. | |

**Plaintiff filed this Case on 08/30/2018 at that time. At that point the Clerk assigned a new Case Number.**

**Since that day, plaintiff did not receive any written notice or any notice of progress on this case.**

**Plaintiff respectfully ask the court to continue or proceed the new case.**

**This case is not just wrong. But, it is illegal.**

Date 12/14/2018                                                      Ueon Bak

LODGED

2018 DEC 17 PM 2:03
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY: ___

-1-



THE WHITE HOUSE

WASHINGTON, DC 20500

October 23, 2018

Ueon Bak
Midway City, California

Dear Ueon Bak,

Thank you for your thoughtful suggestions on how to address important issues facing our Nation. I am honored to work on behalf of all Americans to grow our economy, protect our citizens, and strengthen American leadership around the world.

When America is united, there is no challenge too great. Together we will prosper, and we will get the job done. Thank you again for your suggestions.

Sincerely,

*[signature: Donald Trump]*

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
## WASHINGTON, DC 20543-0001

October 23, 2018

Ueon Bak
15000 Pacific St.
Apt. 208
Midway City, CA 92655-1402

Dear Mr. Bak:

In reply to your letter or submission, received October 22, 2018, I regret to inform you that the Court is unable to assist you in the matter you present.

Under Article III of the Constitution, the jurisdiction of this Court extends only to the consideration of cases or controversies properly brought before it from lower courts in accordance with federal law and filed pursuant to the Rules of this Court. The Court does not give advice or assistance or answer legal questions on the basis of correspondence.

Your papers are herewith returned.

Sincerely,
Scott S. Harris, Clerk
By:

Jacob C. Travers
(202) 479-3039

Enclosures

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
## WASHINGTON, DC 20543-0001

August 20, 2018

Ueon Bak
15000 Pacific St.
Apt. 208
Midway City, CA 92655-1402

Dear Mr. Bak:

The papers were received on August 20, 2018. These papers fail to comply with the Rules of this Court and are herewith returned.

You may seek review of a decision only by filing a timely petition for writ of certiorari. The papers you submitted are not construed to be a petition for writ of certiorari. Should you choose to file a petition for writ of certiorari, you must submit the petition within the 90 day time limit allowed under Rule 13 of the Rules of this Court. A Copy of the Rules of this Court and a sample petition for a writ of certiorari are enclosed.

Your case must first be reviewed by a United States court of appeals or by the highest state court in which a decision could be had. 28 USC 1254 and 1257.

Sincerely,
Scott S. Harris, Clerk
By:
Jacob C. Travers
(202) 479-3039

Enclosures

Name: Ueon Bak
Address: 15000 Pacific St. Apt. 208, Midway City, CA 92655

Phone: (714) 968-9544

Fax: _____

In Pro Per

FILED
2016 MAR 14 AM 10:40
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CA.
SANTA ANA
BY _____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

UEON BAK, an individual

Plaintiff

v.

MEGan Brennan, P.M. General, USPS

Defendant(s).

CASE NUMBER: SACV 15-01931-JVS(EX)

To be supplied by the Clerk of
The United States District Court

Penal Offense

Fraud/SCAM

Key Points of this case

① Defendant violated the Statute of Limitation

② Perjury in front of Judges

③ Forgery on the official Document

④ Labor laws violation in the family emergency.

Dated 3/14/2016

Ueon Bok
UEON BAK, plaintiff

---

CV-126 (09/09)     PLEADING PAGE FOR A COMPLAINT

FILED
2015 NOV 19 AM 11:05
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY:_____

Name: Ueon Bak
Apt. 208
15000 Pacific St.
Address: Midway City, CA 92655-1402

Phone: (714) 968-9544

Fax:

In Pro Per

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

UEON BAK,

    Plaintiff,

v.

PATRICK R. DONAHOE,
Postmaster General

    Defendants.

CASE NUMBER: SACV15-01931 GW(JCGx)

To be supplied by the Clerk of
The United States District Court

Anti Constitutional

COMPLAINT

Civil and penal offense

This case is now over 26 years an anti constitutional civil rights and penal offense. The agency has violated the labor law and committed fraud, perjury in front of Judges of courts and forgery of an official documents. Since 9/11/1989, I lost career and home life. I lost the legal expenses of $300,000 — for the fees and lawyers' costs. I believe in our justice. God bless America.

Ueon Bak
11/19/15



오렌지카운티 한미 시민권자 협회
Orange County Korean-U.S. Citizens League
9636 Garden Grove Blvd. #17, Garden Grove, CA 92844
Tel: (714) 534-7720  Fax: (714) 534-6897

Dear Honorable Magistrate Judge.

May 27, 2016

Please this case take care of for "950 Constitutional Rights " He has a struggle 27 Years...

Sincerely yours ..

OC Korean US Citizens League
Board of Director   Do   Young   Kim

1  STEPHANIE YONEKURA
   Acting United States Attorney
2  LEON W. WEIDMAN
   Assistant United States Attorney
3  Chief, Civil Division
   KATHERINE M. HIKIDA (Cal. Bar No. 153268)
4  Assistant United States Attorney
       Federal Building, Suite 7516
5      300 North Los Angeles Street
       Los Angeles, California 90012
6      Telephone: (213) 894-2285
       Facsimile: (213) 894-7819
7      E-mail: katherine.hikida@usdoj.gov

8  Attorneys for Federal Defendants
   PATRICK R. DONAHOE, Postmaster General
9  and United States Postal Service

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UEON BAK, | No. SA CV 14-1007-JVS(E) |
| Plaintiff, | FEDERAL DEFENDANTS' NOTICE OF RELATED CASE |
| v. | |
| PATRICK R. DONAHOE, Postmaster General, U.S. Postal Service, | |
| Defendants. | Honorable James V. Selna |

Federal Defendants hereby file this Notice of Related Case because the previously filed actions, SA CV 93-181-AHS(EEx), CV 03-9377-R(CTx), SA CV 04-148-AHS(ANx), SA CV 10-983-UA(DUTYx), SA CV 10-1013-AG(MLGx), and the instant action are related within the meaning of L.R. 83-1.3.1 in that the cases appear to arise from the same or a closely related transaction, happening or event. In all cases, Plaintiff is alleging discrimination in that he allegedly was forced to resign from his employment with the United States Postal Service in 1989 and/or denied reinstatement.

Dated: January 5, 2015

Respectfully submitted,

STEPHANIE YONEKURA
Acting United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

_____
KATHERINE M. HIKIDA
Assistant United States Attorney

Attorneys for Federal Defendants
PATRICK R. DONAHOE, POSTMASTER GENERAL and UNITED STATES POSTAL SERVICE

1

BEFORE THE U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
PHOENIX DISTRICT OFFICE
3300 NORTH CENTRAL AVENUE, SUITE 690
PHOENIX, ARIZONA 85012

| | | |
|---|---|---|
| UEON BAK | ) | |
| Complainant, | ) | EEOC CASE NO. 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X |
| v. | ) | |
| WILLIAM HENDERSON, Postmaster General USPS Santa Ana District | ) | AGENCY CASE NO. 4F-926-0064-98 |
| Agency. | ) | |

## ORDER

### A. Motion For Reconsideration

On November 2, 2000, the Agency's Motion For Reconsideration was received in this office. The Complainant's response was received on November 27, 2000.

After careful review of the parties' submissions, I have determined that there is no basis for rescinding the sanction against the Agency for their failure to comply with Administrative Judge Kurt C. Hodges' Order To Show Cause issued on June 13, 2000. The Agency alleged that the Complainant has previously litigated the issue in the instant complaint (denial of reinstatement) in various forums, and therefore, he is precluded from obtaining relief on that claim because of the principles of collateral estoppel. The Agency provided documentation which demonstrated that the Complainant litigated his alleged wrongful termination in multiple forums but did not prove that he has previously litigated the denial of his reinstatement requests.

Accordingly, the Agency's Motion For Reconsideration is DENIED.

### B. Damages/Relief

On September 7, 2000, the undersigned ordered the Complainant to indicate whether he intended to claim compensatory damages and to specify the evidence that he intended to rely upon to support the claim.

On September 14, 2000, the Complainant requested an additional ten days to submit the requested information. The undersigned gave the Complainant until November 3, 2000, to submit the requested information to this office.

On November 3, 2000, the Complainant's submission was received in this office. The

Complainant requested $500,000 for emotional distress, pain and suffering.

Since the Complainant has alleged that he suffered compensatory damages, the undersigned cannot issue a final decision at this time. The undersigned must receive additional evidence, including but not limited to testimony and documentation, regarding Complainant's damages at a hearing to be conducted at a date to be determined. Both parties will be notified in writing of the date and time of the hearing.

IT IS SO ORDERED.

12-4-00
Date

Kurt C. Hodges
Administrative Judge

## CERTIFICATION OF SERVICE

I hereby certify that on this 4th day of December, 2000, I mailed copies of the foregoing order on the complainant, Ucon C. Bak, complainant's representatives, Richard A. Cantu and James W. Pak, Esq., and agency representative, N. Sue Thompson.

Lanien Marshall
Hearings Clerk

## FACTS AND PROCEDURAL HISTORY

Bak is an American citizen of Korean descent who was 46 years old at the time of the alleged discrimination. He was employed by the United States Postal Service (Postal Service) from October 1978 until September 1989. In early August 1989, Bak received a notice of proposed removal alleging an absence without official leave. In response, on August 10, 1989, Bak submitted his resignation which was to become effective September 1, 1989.

Despite his resignation, Bak continued to work until September 11. On September 12, he attempted to withdraw his resignation. Because the effective date had already passed, the Postal Service declined to accept Bak's withdrawal, although it did extend the effective date to September 11, compensating Bak for time worked after his resignation became effective.

On September 22, 1989, Bak filed an administrative complaint with the EEOC alleging discrimination based on race, color, religion, national origin, sex, age, and reprisal. His apparent contention was that the Postal Service's refusal to accept his withdrawal of resignation was discriminatory. The only evidence offered by Bak regarding discrimination was the names of other Postal Service employees who were permitted to withdraw their resignations.

After a hearing, an administrative law judge (ALJ) held that Bak failed to establish a prima facie case of discrimination based on his national origin. Bak appealed the ALJ's decision to the EEOC Office of Review and Appeals which affirmed the decision. Finally, Bak moved to reopen or for reconsideration. In response to the motion, the EEOC noted Bak's complaint alleged discrimination on the basis of race, color, religion, sex, age and national origin. However, it denied the motion because Bak failed to establish a basis for reopening or reconsideration, and it affirmed its previous decision, stating Bak failed to establish a prima facie case of discrimination

based on race or color. This final decision of the EEOC was issued on March 3, 1991.

On February 19, 1993, Bak filed a civil suit in federal district court alleging age discrimination, pursuant to 29 U.S.C. §§ 621, et seq., the Age Discrimination in Employment Act of 1967 (ADEA), as a result of the Postal Service's refusal to accept his withdrawal of resignation. The district court dismissed the complaint for lack of subject matter jurisdiction, holding that Bak had failed to exhaust his administrative remedies. Bak timely appeals the district court's dismissal.

## DISCUSSION

### A. Standard of Review

We review de novo the district court's determination that Bak failed to exhaust his administrative remedies. See EEOC v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir. 1994).

### B. Exhaustion Requirement

The district court held that, although Bak exhausted his administrative remedies with respect to his racial discrimination claim, he "failed to adequately show that his age discrimination claim was not abandoned during the administrative proceedings." On appeal, Bak concedes he abandoned his age discrimination claim during the administrative proceedings. Consequently, we hold that Bak failed to exhaust his administrative remedies with respect to this claim. See Vinieratos v. United States, Dep't of Air Force, 939 F.2d 762, 770 (9th Cir. 1991) ("[A]bandonment of the administrative process may suffice to terminate an administrative proceeding before a final disposition is reached, thus preventing exhaustion and precluding judicial review."); Rivera v. United States Postal Service, 830 F.2d 1037, 1039 (9th Cir. 1987) ("To withdraw is to abandon one's claim, to fail to exhaust one's remedies."), cert. denied, 486 U.S. 1009 (1988). However, Bak contends

he was not required to exhaust his administrative remedies prior to filing a civil suit. Likewise, the Government has reversed its position on appeal and also contends Bak was not obligated to exhaust his administrative remedies.

[1] The district court relied on our decision in *Rivera* to impose an exhaustion requirement. *See* 830 F.2d at 1037. In *Rivera*, the claimant filed an administrative complaint alleging age discrimination, and the Postal Service ruled against him. Thereafter, he filed a notice of appeal to the EEOC. *Id.* at 1038. However, before resolution of the appeal, the claimant "request[ed] 'cancellation' of his notice of appeal" and filed a civil suit. *Id.* We held that the claimant was not free to file suit until his administrative remedies had been exhausted which occurred only after the EEOC's final ruling on the claim. *Id.* at 1039. We reasoned that "once a party appeals to a statutory agency, board or commission, the appeal must be 'exhausted.'" *Id.*

[2] Since this court's decision in *Rivera*, the EEOC regulations governing age discrimination claims have been amended to state that the filing of a civil action based on age discrimination terminates any agency proceeding regarding the same claim. 29 C.F.R. § 1613.513 ("The filing of a civil action by an employee or applicant involving a complaint filed under this subpart terminates processing of that complaint."). The effective date of this amendment was November 30, 1987. *See* 52 Fed. Reg. 41,920 (1987). However, we have not yet addressed the issue of whether a claimant must exhaust his administrative remedies prior to filing a civil suit claiming age discrimination in light of the amended regulations.

The Supreme Court had the opportunity to resolve the issue in *Stevens v. Department of Treasury*, 500 U.S. 1 (1991). In *Stevens*, the claimant appealed the dismissal of his complaint, which alleged age discrimination, for failure to give the EEOC proper notice of his intent to file a civil suit. Although presented with the issue of whether a claimant is required to

exhaust his administrative remedies before pursuing a civil action, the Court reversed the dismissal only on the grounds that the claimant had complied with notice requirements and declined to address the exhaustion issue. It noted the Government had abandoned its position that exhaustion was necessary and, like the claimant, asserted that "a federal employee who elects agency review of an age discrimination claim need not exhaust his administrative remedies before bringing a civil action." *Id.* at 9. As a result, the Court concluded there was no adversity and declined to rule on the merits of the exhaustion issue. *Id.* at 10.

[3] Although the Supreme Court has declined to address the issue, two circuit courts have interpreted the amendments to the EEOC regulations as eliminating the exhaustion requirement in age discrimination cases. The Second Circuit, in dictum, stated that "the . . . view that exhaustion is not required even if the ADEA claimant has initiated administrative proceedings is undoubtedly correct for suits commenced after November 30, 1987, since otherwise the claimant who pursues both avenues would find both automatically closed." *Bornholdt v. Brady*, 869 F.2d 57, 63 (2d Cir. 1989).

Likewise, the Seventh Circuit has rejected the exhaustion requirement in age discrimination cases. In *Adler v. Espy*, 35 F.3d 263 (7th Cir. 1994), the claimant commenced an administrative proceeding to pursue his age discrimination claim and then filed a suit in federal district court. After the filing of the civil suit, the agency cancelled the claimant's administrative complaint. The district court then dismissed the civil complaint for failure to exhaust his administrative remedies. *Id.* at 264. Relying on the amended regulations, the court rejected the exhaustion requirement in cases of age discrimination. *Id.* at 265. It reasoned that:

> The principal ground for [the exhaustion requirement] is that agencies shouldn't be put to the bother of conducting administrative proceedings from

3876      BAK v. POSTAL SERVICE

> which the complainant can decamp at any time without consequences. . . . [I]t is a consideration designed for the benefit of the agencies, not of the judges, and if the agencies don't want it, there is no reason for us to give it great weight.

*Id.*

[4] In accord with the Second and Seventh Circuits, we hold that a claimant is no longer required to exhaust his administrative remedies with regard to an age discrimination claim prior to filing a civil suit.[4] The result of Regulation 1613.513, in effect at the time Bak filed his complaint, is to terminate any unexhausted administrative proceedings when a claimant files a civil suit. *See* 29 C.F.R. § 1613.513. Similarly, an exhaustion requirement would terminate any civil suit filed. Thus, the joint effect of the amended regulations and exhaustion requirement would be to leave the claimant without any avenue of relief.

Admittedly, this joint effect of an exhaustion requirement and the amended regulations does not arise in Bak's case, because his administrative proceedings were complete when he filed his civil suit, at least with respect to his racial discrimination claim. Bak had appealed to the highest administrative authority and even made a motion to reopen or for reconsideration which was denied. Thus, at the time Bak filed his civil suit, there was no pending administrative proceeding to terminate. However, an exhaustion requirement in this case would still prejudice Bak because he has no forum in which to bring his age discrimination claim: the time for filing another administrative complaint has expired, and an exhaustion requirement would preclude a civil suit.

---

[4]We emphasize that our holding is limited to age discrimination claims governed by EEOC regulations. *See, e.g., EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994) (holding claimant must exhaust administrative remedies before litigating discriminatory lay off claim).

BAK v. POSTAL SERVICE                 3877

The primary goal of the exhaustion requirement is to prevent simultaneous proceedings regarding the same claim. The amended regulations resolve this problem, and the Government concedes exhaustion is not necessary. Consequently, the agency no longer supports the requirement. Thus, we hold that the amended regulations eliminate the exhaustion requirement for age-discrimination claims and vacate the district court's dismissal for lack of subject matter jurisdiction and remand.

VACATED and REMANDED. No costs allowed.

1 **PROOF OF SERVICE**

2 STATE OF CALIFORNIA, COUNTY OF ORANGE

3 I am at least 18 years of age, not a party to this action, and I am a resident of or employed in the county where the mailing took place.

4 On December 14 , 2018 , I caused a copy of the following documents:

5   1. Request to Proceed the new case.

6
7 To be delivered on the interested party(ies) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

8   Megan Brennan.
  U.S Central District of California

9
10
11 [xx]   **BY FIRST CLASS MAIL:** I am readily familiar with this firm's practice of collection and
12   processing correspondence for mail with the United States Postal Service. The envelope was sealed and placed for collection that same day following ordinary business practices.

13 []   **BY FACSIMILE:** I caused the above-named document to be transmitted to the offices of the
14   addressee(s) at the facsimile number(s) indicated above. The transmission was reported as complete and without error.

15 []   **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an
16   agreement of the parties to accept service by e-mail or electronic transmission, I caused the document to be sent to the person(s) at the e-mail address(es) listed on the attached list. I did
17   not receive, within a reasonable time after the transmission, any electronic message or other indications that the transmission was unsuccessful.

18
19 I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

20   Executed on December 14 , 2018, at Midway City, California

21
22   Kyong No

23
24
25
26
27
28